IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE FLETCHER,<br>     *Plaintiff*,<br><br>v.<br><br>INFRAMARK, LLC,<br>     *Defendant*. | Case No. 2:21-cv-02509-JDW |

ORDER

AND NOW, this 29th day of September, 2021, upon consideration of Defendant's Motion To Dismiss Plaintiff's Complaint (ECF No. 7), the Court notes as follows.

1. A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id.* at 786–87. First, the court must identify the elements needed to set forth a particular claim. *Id.* at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *Id.* Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* The court

must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id*. at 790.

Statute of Limitations

2.     Before a plaintiff can file a federal suit alleging Title VII discrimination, he must exhaust administrative remedies by filing a charge of discrimination with the EEOC.  42 U.S.C. § 2000e-5(e)(1); *see Slingland v. Donahoe*, 542 F. App'x 189, 191 (3d Cir. 2013) (citing *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997)).  Pennsylvania imposes a similar requirement for plaintiffs pursuing claims under the PHRA, but the PHRC is the relevant agency.  *See* 43 PA. Const. Stat. § 959.  A plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice before filing a complaint in court.  *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1).  A plaintiff must file with the PHRA within 180 days of the alleged discrimination.  *See* 43 Pa. Const. Stat. § 959(h); *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 475 (3d Cir. 2001).  These time limitations are analogous to a statute of limitations.  *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109–10, 113 (2002); *Mikula v. Allegheny Cty.*, 583 F.3d 181, 183 (3d Cir. 2009).

3.     Andre Fletcher dual-filed his complaint with the EEOC and PHRC on December 11, 2020.  That means that he can complain about unlawful employment practices that occurred on or after February 15, 2020, for claims arising under Title VII, and on or after June 14, 2020, for claims arising under the PHRA.  As a result, the statute of limitations bars the following claims, all of which accrued before the relevant deadline:

    a. Michael Wolgemuth speaking to Mr. Fletcher in a "condescending and rude manner in 2017" and "curs[ing] at him" but not treating white Project Managers the same way (ECF No. 1 ¶ 27);

    b. Mr. Wolgemuth speaking to Mr. Fletcher concerning management of a Wawa location that was "known for being . . . poorly operated," during which Mr. Wolgemuth told Mr. Fletcher to quit if he did not want the role (*id.* at ¶¶ 29-36);

    c. Inframark putting Mr. Fletcher on a Performance Improvement Plan based on issued that "had already been addressed, were misleading or downright false" (*id.* ¶¶ 40-42); and

    d. Inframark attempting to place Mr. Fletcher on a Success Plan based on issues "that had already been addressed or were false" (*id.* ¶ 56).

  4. The continuing violations doctrine does not save these time-barred claims. When assessing timeliness, courts differentiate between discrete acts and a pattern or practice of discriminatory behavior, in which case the continuing violation doctrine applies. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013). A plaintiff may aggregate discriminatory acts that are not individually actionable to make out a claim under the continuing violation doctrine. *See O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006). To make out such a claim, the plaintiff must show that all acts which constitute the claim are part of the same unlawful employment practice and that at least one act falls within the applicable limitations period. *Mandel*, 706 F.3d at 166.

5. By contrast, "discrete discriminatory acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges" because each discriminatory act starts a new clock for filing charges alleging that act." *See id.* (quoting *Morgan*, 536 U.S. at 113). The Third Circuit has categorized several employment acts as discrete discriminatory acts, specifically, "termination, failure to promote, denial of transfer, refusal to hire, wrongful suspension, wrongful discipline, denial of training, wrongful accusation." *O'Connor*, 440 F.3d at 127. These events cannot be aggregated under a continuing violations theory. *Id.*

6. Mr. Fletcher's allegations focus on discrete acts: wrongful discipline; an unfair job assignment; and improper discipline (or attempted discipline). *See O'Connor*, 440 F.3d at 127. With respect to Mr. Fletcher's more broadly categorized allegation of "continuous derogatory comments, treatment, and behavior," Mr. Fletcher offers little to explain why the Court should construe such actions as a continuing violation. The Supreme Court has emphasized that "[t]here is simply no indication that the term 'practice' converts related discrete acts into a single unlawful practice for the purposes of timely filing," and Mr. Fletcher's use of the term "continuing," does not do so in this case, either. *See Morgan*, 536 U.S. at 111.

Racial Discrimination

7. To overcome a motion to dismiss, Mr. Fletcher must plead sufficient factual matter that permits the reasonable inference that Inframark terminated him because of his race. *See Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 702 (3d Cir. 2010) (citation omitted). "[A]t least for purposes of pleading sufficiency, a complaint

need not establish a prima facie case in order to survive a motion to dismiss." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016). "Instead of requiring a prima facie case, the post-Twombly pleading standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element[s]." *Id.* (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008)).

8. Accepting all well-pled factual allegations as true, Mr. Fletcher has plausibly alleged he was terminated because of his race. While the statute of limitations bars claims for events prior to the statutory deadline, a plaintiff can use acts that are otherwise time-barred "as background evidence in support of a timely claim." *Morgan*, 536 U.S. at 113. Mr. Fletcher has alleged that leading up to his termination, his manager spoke to Mr. Fletcher, the only African American project manager, differently than his white colleagues; told him to resign or accept a role that "set[] him up for failure;" sat in his office without speaking as a way to intimidate Mr. Fletcher; and placed or tried to place Mr. Fletcher on improvement plans using false accusations. Mr. Fletcher has also provided a specific example of disparate treatment—after receiving criticism for a report, Mr. Fletcher began completing reports and having a white colleague turn them in as the white colleague's own work. Upon doing so, the manager praised the white colleague's work, in contrast to the manager's previous criticism of Mr. Fletcher's reports.

9. Inframark points to several cases to argue that each of Mr. Fletcher's allegations, considered on its own, could not support an inference of discrimination for his termination. Yet Inframark fails to explain why Mr. Fletcher's allegations,

considered as a whole, do not support an inference of racial discrimination under the motion to dismiss standard.  Relatedly, in several of Inframark's cited cases the courts had completed discovery and had far more developed factual records than is present here.  It might well be that with a more well-developed record, the Court can determine that the actions described do not support a theory that Mr. Fletcher was fired because of his race.  But on the present state of the record, the Court cannot make that determination.  Therefore, Mr. Fletcher's claim of discrimination may proceed.

<u>Retaliation</u>

10. A prima facie retaliation claim requires a plaintiff to demonstrate that (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal connection between the participation in the protected activity and the adverse action. *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995) (citation omitted).  Inframark disputes whether Mr. Fletcher has satisfied the third prong.  "An employee may establish a causal nexus if he shows 'unusually suggestive' temporal proximity between the two events." *Holt v. Pennsylvania*, 683 F. App'x 151, 157 (3d Cir. 2017) (citing *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 232 (3d Cir. 2007)).  "[W]hen temporal proximity between protected activity and allegedly retaliatory conduct is missing, courts may [also] look to the intervening period for other evidence of retaliatory animus." *Holt*, 683 F. App'x at 157 (quoting *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000) (internal citations omitted)).

11.     Mr. Fletcher has plausibly alleged there was a causal connection between making internal complaints about racial discrimination and his termination. While there is little, if any, temporal proximity between his complaint in November and his firing eight months later, Mr. Fletcher has alleged evidence of retaliatory animus in the intervening period—Mr. Wolgemuth's treatment of Mr. Fletcher.  Mr. Fletcher alleges that after he made internal complaints, Mr. Wolgemuth "retaliated against Plaintiff by continuing to speak to him in a condescending and derogatory manner, nitpicking his work product and issuing verbal warning for minor issues." (ECF No. 1 ¶¶ 61–63.)

12.     Inframark argues that false accusations, nitpicking, and chastising are insufficient to support an inference of retaliation.  However, Inframark cites to cases that primarily focused on whether nitpicking, false accusations, and chastising could constitute adverse actions in and of themselves. *See Williams v. Aramark Campus LLC.*, No. 18-5374, 2020 WL 1182564, at *9 (E.D. Pa. March 12, 2020); *Stevens v. City of Philadelphia*, No. 17-4853, 2018 WL 3328057, at *2 (E.D. Pa. Jul. 3, 2018).  The cases did not consider whether such actions could support an inference of retaliatory animus and therefore support an inference of a causal connection between the participation in the protected activity and a separate adverse action.  The issue in those cases is therefore distinct from the question here.  This claim may proceed.

<u>Leave to Amend</u>

13.     Aside from certain instances where a party may amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent

or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) is meant "to enable a party to assert matters that were overlooked or were unknown at the time the party interposed the original complaint." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (quotation omitted). A party seeking leave to amend a pleading must attach the proposed amendment so that the Court can evaluate it for futility. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252–53 (3d Cir. 2007) ("[T]he settled rule is that properly requesting leave to amend a complaint requires submitting a draft amended complaint."). If Mr. Fletcher seeks leave to amend, he should file a motion that attaches a proposed amended pleading.

In light of the foregoing, it is ORDERED as follows:

1. Defendant Inframark's Motion to Dismiss (ECF No. 7) is GRANTED IN PART and DENIED IN PART;

2. Mr. Fletcher's claims based on the time-barred conduct identified in this Order are DISMISSED; and

3. Defendant's Motion is otherwise DENIED.

BY THE COURT:

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge